[L. A. No. 24143.   In Bank.   May 28, 1957.]

MORRIS LAVINE, Appellant, v. ROGER JESSUP et al., Respondents.

Morris Lavine, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), Iver E. Skjeie, Deputy County Counsel, and William J. Cusack, for Respondents.

GIBSON, C. J.—Respondents have moved to dismiss plaintiff's appeal on the ground that the notice was filed more than 60 days after entry of the appealable judgment or order. (Rules on Appeal, rule 2.)

The action commenced by plaintiff was a taxpayer's suit against various defendants including members of the Board of Supervisors of Los Angeles County. The complaint sought damages, restitution of public money, an injunction and other kinds of relief. Demurrers to the first four complaints were

sustained with leave to amend. After the fifth (fourth amended) complaint was filed, certain defendants (respondents herein) filed demurrers and also motions to strike the complaint as sham and to dismiss the action.

Orders were entered in the minutes on November 10, 1955, granting the motions to strike and to dismiss, and sustaining the demurrers without leave to amend.[1] Subsequently, the court signed and filed a "Judgment of Dismissal," reciting that the foregoing motions and demurrers having come on regularly for hearing on November 8, 1955, and "the court having sustained said demurrers without leave to amend and having granted said motions by order duly made," it was "ORDERED, ADJUDGED AND DECREED that plaintiff's Fourth Amended Complaint be, and the same is hereby stricken and the action dismissed" as to the defendants "and that plaintiff take nothing by this action against said defendants." This judgment was entered on November 28, 1955.

Appellant's notice of appeal was filed January 19, 1956, too late if the entry of the minute orders started the 60-day period running, but timely if the period commenced to run at the time of the entry of the foregoing judgment.

The disposition of the motions to dismiss this appeal depends upon the application of the well settled propositions that no appeal can be taken except from an appealable order or judgment, as defined in the statutes and developed by the case law, and that the time to appeal from such a judgment or order begins to run from its entry. The Rules on Appeal, dealing with practice and procedure, fix the time to appeal and also state what constitutes the procedural act of entry which starts the time running, but they do not affect the statutory requisites of an appealable judgment or order.

---

[1]The minute orders read as follows:

"Motion of defendants Walter M. Briggs, sued herein as Walt Briggs, and Civic Center Auto Parks, a corporation, sued herein as Civic Center Auto Park, Inc., to dismiss complaint as to said defendants (third call). MOTION GRANTED."

"Demurrer of defendants Walter M. Briggs, sued herein as Walt Briggs, and Civic Center Auto Parks, a corporation, sued herein as Civic Center Auto Park, Inc., to fourth amended complaint (third call). DEMURRER SUSTAINED WITHOUT LEAVE TO AMEND."

"Motion of defendants Roger Jessup, Herbert Legg, William A. Smith, deceased, Leonard Roach and County of Los Angeles, to strike fourth amended complaint and/or to dismiss action (second call). MOTION GRANTED."

"Demurrer of defendants Roger Jessup, Herbert Legg, Leonard Roach, William A. Smith, deceased, and County of Los Angeles to fourth amended complaint (second call). DEMURRER SUSTAINED WITHOUT LEAVE TO AMEND."

614

(See Rules on Appeal, rule 2(b) [expressly referring to "appealable" orders]); *Trubowitch* v. *Riverbank Canning Co.*, 30 Cal.2d 335, 346-347 [182 P.2d 182] [findings required for judgment]; *Hirschberg* v. *Oser*, 82 Cal.App.2d 282, 287 [186 P.2d 53] [formal decree required]; Witkin, *Four Years of the Rules on Appeal* (1947), 35 Cal.L.Rev. 477, 480; (1948) 36 Cal.L.Rev. 483; 3 Witkin, California Procedure (1954) 2295, 2296.)

An order sustaining a demurrer without leave to amend is nonappealable, and the appeal must be taken from the ensuing judgment. (See *Berri* v. *Superior Court*, 43 Cal. 2d 856, 860 [279 P.2d 8]; *Cole* v. *Rush*, 40 Cal.2d 178 [252 P.2d 1]; 3 Witkin, California Procedure (1954) 2162.)

Insofar as the minute orders in the present case constitute orders sustaining demurrers, the time for appeal did not commence to run until the entry of judgment. Respondents contend, however, that the orders granting the motions to dismiss were appealable and that the time to appeal commenced to run from the entry of those orders in the minutes.

This case presents an unusual situation in that the court simultaneously sustained general demurrers without leave to amend and granted motions to strike the complaint as sham and to dismiss the action. The motions were not supported by affidavits setting up any extrinsic matters and obviously were made upon the assumption that the complaint failed to state a cause of action and was merely repetitious of prior complaints which had been ruled insufficient.[2] Defendants thus made their challenge solely on the face of the pleadings, and it seems clear that the questions presented by the motions were identically the same as those presented by the demurrers, i.e., did the complaint state a cause of action and, if not, could the defects be cured by amendment. The normal method of resolving such issues in favor of a defendant is by ruling upon a demurrer and thereafter rendering a judgment based upon the ruling. It is, of course, unnecessary for the court, in addition, to grant a motion to dismiss. As we have seen, the court subsequently signed and filed a judgment of dismissal which, after reciting that the demurrers had been sustained and the motions had been granted, ad-

---

[2] In *Pianka* v. *State*, 46 Cal.2d 208, 211-212 [293 P.2d 458], the motion to dismiss for sham was based upon an affidavit setting forth extrinsic matter, and we held that the proper way in which a complaint good on its face may be attacked for sham is by motion for summary judgment. We pointed out that this procedure eliminates any need for the non-statutory practice of a so-called "speaking motion to dismiss."

judged that the action be dismissed. Under these circumstances an absurd situation would result if we were to hold that the portion of the ruling sustaining the demurrers is nonappealable and must be followed by a judgment of dismissal but that the portion of the ruling granting the motions is final and immediately appealable. Accordingly, we hold that, for the purpose of determining appealability, the minute orders granting the motions to dismiss will be treated as though they were orders sustaining general demurrers without leave to amend. (See *Ross* v. *O'Brien,* 1 Cal.App.2d 496, 498 [36 P.2d 1108].) So treated, the minute orders granting the motions are not appealable, and, as in the case of orders sustaining demurrers, the appeal must be taken from the judgment based thereon.

Similarly, in a case which did not involve multiple rulings, this court treated an order of dismissal as having been, in legal effect, an order which sustained a demurrer. (*Egan* v. *McCray,* 220 Cal. 546, 547 [31 P.2d 1041] ; *cf. Pulvermacher* v. *Los Angeles Co-ordinating Committee,* 61 Cal.App.2d 704, 711 [143 P.2d 974].)

Since the question of appealability of the multiple orders is to be determined in accordance with the rules pertaining to appeals from orders sustaining demurrers rather than under the rules relating to appeals from orders of dismissal, this case is not governed by section 581d of the Code of Civil Procedure, which provides that orders of dismissal shall be effective for all purposes when entered in the minutes.[3]

Section 581d of the Code of Civil Procedure is not applicable for an additional reason. It was originally part of section 581, which prior to 1947 related to voluntary dismissals and dismissals for lack of prosecution or failure to prove a sufficient case. The provision that dismissals should be effective for all purposes when entered in the minutes was specifically limited to the types of dismissals there enumerated. In 1947, in order to separate some of the topics in section 581, the Legislature amended that section and enacted sections 581c and 581d. These enactments contain basically

[3]Section 581d of the Code of Civil Procedure provides:

"A written dismissal of an action shall be entered in the clerk's register or in the docket in the justice court, as the case may be, and is effective for all purposes when so entered.

"All dismissals ordered by the court shall be entered upon the minutes thereof or in the docket in the justice court, as the case may be, and such orders when so entered shall constitute judgments and be effective for all purposes, and the clerk in superior and municipal courts shall note such judgments in his register of actions in the case."

the same provisions as formerly appeared in section 581, and in our opinion they were intended as clarifications rather than changes in the law. Both the legislative history of section 581d and its location in conjunction with other sections derived from former section 581 show an intent to restrict its application to dismissals of the types covered by section 581 prior to the 1947 changes. This explanation of section 581d is in accord with our decision in *Gwinn* v. *Ryan,* 33 Cal.2d 436 [202 P.2d 51], which was limited to cases involving the dismissals mentioned in section 581 et seq. This is made clear by the fact that *Egan* v. *McCray,* 220 Cal. 546 [31 P.2d 1041], holding ineffective a minute order dismissing a case for lack of jurisdiction, was distinguished on the ground that it did not involve a dismissal for lack of prosecution. The instant case does not involve a dismissal on a ground mentioned in section 581 et seq., and, therefore, section 581d, as we have construed it, is not applicable.

It follows that the only appealable ruling was the judgment of November 28, and the appeal from this judgment, filed January 19, was timely.

The motions to dismiss the appeal are denied.

Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

McComb, J., dissented.