[Civ. No. 10249.   Third Dist.   June 6, 1962.]

JAMES E. FRANKLIN et al., Plaintiffs and Appellants, v. CITY OF SACRAMENTO et al., Defendants and Respondents.

CITY OF SACRAMENTO, Plaintiff and Respondent, v. JAMES E. FRANKLIN et al., Defendants and Appellants.

(Consolidated Cases.)

John W. Ross, Jr., for Appellants.

Everett M. Glenn, City Attorney, and E. R. Vaughn, Assistant City Attorney, for Respondents.

PEEK, P. J.—These appeals arise out of two separate actions which were consolidated for trial. In the first (superior court number 124155), James E. and Marvelene Franklin, husband and wife, appeal from an adverse judgment in an action in which they sought a declaration that certain provisions of the zoning ordinance of the City of Sacramento were unconstitutional as to them and to compel the defendants to rezone plaintiffs' property. In the second action (superior court number 124261), James E. Franklin and Lester L. Crane appeal from a judgment restraining them from maintaining a doctor's office and practicing osteopathy in the Franklin home.

Pursuant to a suggestion of the trial court, counsel for both parties stipulated that the case could be submitted on the record on file and that in arriving at its conclusion, the court might also consider the zoning ordinances in question and certain other evidence including affidavits and photographs of the property involved.

The factual background, as appears from plaintiffs' complaint, is common to both actions. The pertinent allegations show that the Franklins are the owners of a house and lot located in an R-1 zone (that is, single-family residential) maintained by Franklin and Crane as a doctor's office.

The Franklins presented an application to the Sacramento Planning Commission to rezone their property in order to permit the construction of an office building. Their application was denied. They then requested the commission to initiate proceedings to rezone the property. Following a hearing, this request was likewise denied. This decision was appealed to the city council and at the same time a written request was filed asking the council to initiate rezoning proceedings. After hearing, both the appeal and request for rezoning were denied.

452

The Franklins then instituted the present proceeding in declaratory relief.

It was neither alleged nor suggested that the Franklins ever requested a variance or special use permit. It further appears that neither defendants' demurrer, which was overruled, nor their motion for summary judgment, which likewise was denied, nor their answer, raised any question in this regard. The primary question posed and argued by both parties concerns the constitutionality of the ordinance as it related to the Franklins.

Thereafter, the City of Sacramento filed its action to permanently enjoin Franklin and Crane from using the Franklin home as an office.

Following the submission pursuant to the stipulation previously mentioned, the court adopted lengthy findings prepared by defendants' counsel and entered judgment denying the Franklins the relief they sought. In the second action, the court permanently enjoined James E. Franklin and Lester L. Crane from using the property as an office for the practice of osteopathy.

### The Franklin Appeal

█ The rule is well settled that before one can attack a zoning ordinance as unconstitutional when applied to a particular property, he must first apply to the proper authority for an exception or variance under the ordinance. (*Metcalf* v. *County of Los Angeles*, 24 Cal.2d 267 [148 P.2d 645].) Here, as in the *Metcalf* case, plaintiffs failed to comply with this rule. █ Necessarily, therefore, since ''[j]urisdiction to entertain an action for judicial relief is conditioned upon a completion of the administrative procedure'' (*United States* v. *Superior Court*, 19 Cal.2d 189, 194 [120 P.2d 26]) the court was without jurisdiction to proceed. (*Dunham* v. *City of Westminster*, 202 Cal.App.2d 245 [20 Cal.Rptr. 772].) █ Nor could the stipulation of the parties confer jurisdiction where none existed.

Since the trial court was without jurisdiction to proceed, it could not determine the case on its merits, and hence, it becomes unnecessary to discuss the further contentions made by the Franklins on appeal.

### The Franklin-Crane Appeal

█ The sole argument advanced by defendants in this appeal is that the injunction restraining them from using the premises for the practice of osteopathy has the effect of pre-

venting them from engaging in their profession. With this contention we cannot agree. They are in no way precluded from practicing their profession; they are only precluded from so doing in the present location. (*City of San Marino* v. *Roman Catholic Archbishop,* 180 Cal.App.2d 657 [4 Cal. Rptr. 547].) █ The right of a municipal corporation to seek enforcement of a zoning ordinance by injunction is too well established to warrant further discussion. (*City of Los Angeles* v. *Gage,* 127 Cal.App.2d 442 [272 P.2d 34]; *City of San Mateo* v. *Hardy,* 64 Cal.App.2d 794 [149 P.2d 307].)

The judgment in superior court action number 124155 is reversed and remanded to the trial court with instructions to dismiss the action; defendants to recover costs. The judgment in superior court action number 124261 is affirmed.

Schottky, J., and Pierce, J., concurred.