[No. G015283. Fourth Dist., Div. Three. May 17, 1996.]

OLD REPUBLIC INSURANCE COMPANY, Plaintiff, Cross-defendant and Respondent, v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant, Cross-complainant and Appellant.

## COUNSEL

Spray, Gould & Bowers, Robert D. Brugge, Richard C. Turner and Melinda J. McGee for Defendant, Cross-complainant and Appellant.

Smith, Smith & Kring, E. Gary Smith and Mark Sklan for Plaintiff, Cross-defendant and Respondent.

## OPINION

**RYLAARSDAM, J.**—Two insurance carriers entered into a stipulation for "arbitration by a special master" and, by their stipulation, purported to confer jurisdiction on this court to conduct a plenary review of the purported master's decision. We hold they cannot do so and affirm the judgment.

### FACTS

This is a dispute between two insurance carriers; one of them insured a truck, the other a trailer. They dispute which insurer is responsible for the

costs of defense and the indemnity they paid in connection with two personal injury actions, and contest the amount of insurance coverage available. These suits resulted from the truck-trailer combination colliding with another vehicle. Because of the procedural posture of the case, we need not recite either the circumstances of the accident or the nature of the coverage afforded by each of the carriers.

Following settlement of the personal injury actions, Old Republic Insurance Company filed a complaint against St. Paul Fire & Marine Insurance Company seeking reimbursement for defense costs. Although the record does not contain a copy, a subsequent stipulation relates that St. Paul filed a cross-complaint for its defense costs and the amount it paid to settle the underlying actions.

Wisely, the parties immediately stipulated to have their dispute resolved pursuant to a stipulation for arbitration, appointing the Honorable Robert E. Rickles, retired justice of the Court of Appeal, to act as the arbitrator.[1] Not so wisely, St. Paul, disappointed with the decision of the arbitrator, now appeals from the judgment confirming the award and seeks to have this court determine Justice Rickles committed errors of law in reaching his decision. The short response to their quest is that we lack the jurisdiction to do so. (*Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1, 11-12 [10 Cal.Rptr.2d 183, 832 P.2d 899].) However, the short answer will not here suffice because the parties, by their stipulation, which, although it limited the power of the trial court to review the decision of the arbitrator, purported to confer the power of plenary review upon this court.

The stipulation is entitled "Stipulation For Binding Arbitration Before Special Master." It provided all issues raised by the pleadings are "to be submitted to arbitration before a . . . Special Master," and that the arbitration was to be "governed by the provisions of California Rules of Court, Rules 1607, 1609, 1610, 1611, 1612, 1613, 1614 and 1615." In addition, the stipulation required the "Special Master" to "enter findings of fact and conclusions of law." We quote the last three paragraphs of the stipulation in full:

"(7) The decision of the Special Master, including his findings of fact and conclusions of law, will be treated by the parties as a Petition to the Court to enter the Special Master's decision as an award and judgment. The Court's

---

[1]The parties variously refer to Justice Rickles as "arbitrator" or "special master," attributing certain legal consequences to such designation. We will discuss these distinctions below. However, except in the context of that discussion, we will refer to him as the arbitrator to avoid confusion.

review of the findings of fact and conclusions of law submitted by the Special Master shall be governed by Code of Civil Procedure sections 1286, 1286.2, 1286.4, 1286.6, and 1286.8.

"(8) If the Court makes any changes or alterations to the findings of fact or conclusions of law entered by the Special Master, these changes shall be noted on the award and judgment. Based upon such corrected award, judgment shall be entered pursuant to Code of Civil Procedure section 1287.4.

"(9) When such judgment is entered, the judgment shall be treated as a judgment of the Superior Court for all purposes, including, without limitation, the right of any party adversely affected by said judgment to seek review of the findings of fact, conclusions of law, or judgment as if this matter had been tried to the Court without a jury and judgment entered thereon."

## DISCUSSION

### 1.  When Is a Decision of a Quasi-judicial Officer Subject to Plenary Appellate Review?

Several alternative dispute resolution procedures result in decisions by quasi-judicial officers which are subject to varying scopes of judicial and appellate review. Depending upon the nature of the procedure adopted, these range from no judicial review to plenary review.

Common alternative dispute resolution procedures are judicial and contractual arbitration and references to a special master. Judicial arbitrations are governed by Code of Civil Procedure[2] section 1141.10 et seq. and California Rules of Court, rule 1600 et seq.; contractual arbitrations by section 1280 et seq.; and references by section 638 et seq. Although not usually categorized as alternative dispute resolution, we need also consider whether Justice Rickles acted as a "temporary judge." ▇ Such judicial officers are authorized to perform judicial functions pursuant to California Constitution, article VI, section 21 and their powers are governed by California Rules of Court, rule 244. Such a temporary judge has the power to render a judgment which is appealable in the same manner as one rendered by a constitutional judge. (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 908 [30 Cal.Rptr.2d 265, 872 P.2d 1190].)

After a judicial arbitration, a dissatisfied litigant is entitled to a trial de novo. (§ 1141.20, subd. (b).) Following such a trial on the merits, parties

---

[2]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

have the same rights of appeal as in all other cases tried in the superior court. However, absent a timely request for a trial de novo, the arbitration award constitutes a final, nonappealable judgment. (§ 1141.20, subd. (a).)

■ The scope of judicial review of the decisions of contractual arbitrators is delimited in *Moncharsh* v. *Heily & Blase, supra,* 3 Cal.4th 1: " 'The merits of the controversy between the parties are not subject to judicial review.' " (*Id.* at p. 11, quoting *O'Malley* v. *Petroleum Maintenance Co.* (1957) 48 Cal.2d 107, 111 [308 P.2d 9].) Since one of the reasons for this rule is that "it vindicates the intentions of the parties" (*Moncharsh* v. *Heily & Blase, supra,* 3 Cal.4th at p. 11), the issue arises whether a contrary intention of the parties, as expressed in the stipulation herein, overrides the general rule. We consider this issue below.

Review of the decision of a referee or special master is governed by section 644. The decision of the referee, unless objected to under section 645, is treated as a decision of the court, and "judgment may be entered thereon in the same manner as if the action had been tried by the court." (§ 644.) Such a judgment is subject to appeal in the same manner as any other judgment.

We therefore need to determine whether the stipulation constituted an agreement for the appointment of a temporary judge, for judicial or contractual arbitration, or for reference by a special master.

2. *The Nature of the Stipulation*

A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates. (Civ. Code, § 1647.) This is particularly true where, as here, the parties used the mutually inconsistent terms "arbitration" and "special master." Evidence extraneous to the document might be considered in view of the obvious ambiguity (*Pacific Gas & E. Co.* v. *G.W. Thomas Drayage etc. Co.* (1968) 69 Cal.2d 33, 39-40 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373]); however, since the record is devoid of any such evidence, we are limited to making our determination from the language of the written stipulation itself.

■ Did the stipulation provide for the appointment of a temporary judge? The California Constitution requires an oath of office before a temporary judge may act as such. (*In re Marriage of Assemi, supra,* 7 Cal.4th at p. 908.) Additionally, California Rules of Court, rule 244(a) requires approval by the presiding judge. Nothing in the record demonstrates such an oath was taken or such approval obtained. In addition, a temporary judge

renders a judgment, an action not contemplated by the parties to the stipulation. Here, the parties contemplated that Justice Rickles's decision be confirmed as a judgment by the assigned judge. Therefore, Justice Rickles cannot have acted as a constitutionally authorized temporary judge.

Did the stipulation provide for judicial or contractual arbitration? The stipulation provides "the procedure to be followed in connection with the hearing of the arbitration shall be governed by the provisions of California Rules of Court, Rules 1607, 1609, 1610, 1611, 1612, 1613, 1614 and 1615." These rules govern judicial arbitrations. There is, of course, nothing which precludes parties to a contractual arbitration from agreeing that the arbitration may be governed by any rules they see fit; parties may agree their contractual arbitration is to be governed by the rules for judicial arbitration. We need not determine whether the agreement, assuming it constitutes an agreement to arbitrate, provides for judicial or contractual arbitration. If it is the former, the absence of a request for trial de novo precludes an appeal. (§ 1141.20, subd. (a).) If it is the latter, the plenary scope of appeal sought here is not available. (*Moncharsh* v. *Heily & Blase, supra*, 3 Cal.4th 1.)

■ Did the stipulation provide for a reference? Section 638 permits the court to order a reference upon the stipulation of the parties. "In a consensual general reference on all issues, the general referee's decision 'stands as the decision of the court.' " (Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 1995) Private Judging, ¶ 6:231, p. 6-643, quoting § 644.) "The decision of the referee . . . may be excepted to and reviewed in like manner as if made by the court." (§ 645.) This means that, upon a motion for a new trial, the trial judge, "can . . . modify the statement of decision, reopen the proceedings for further evidence, or modify the judgment in whole or in part." (Knight et al., Cal. Practice Guide: Alternative Dispute Resolution, *supra*, Private Judging, ¶ 6:237, p. 6-44, citing §§ 657 and 662.) When considering such a motion for a new trial, the trial judge would be authorized to vacate the award of the referee on several bases, including error in law (§ 657), the very basis for the appeal here. The judgment based on a decision of the referee is appealable in the same manner as if it were a judgment of the court. (§ 645.)

In their stipulation, the parties limited the power of the trial court by providing, "The Court's review of the findings of fact and conclusions of law submitted by the Special Master shall be governed by Code of Civil Procedure sections 1286, 1286.2, 1286.4, 1286.6, and 1286.8." These statutory provisions delineate the power of the trial court in connection with the enforcement of an arbitration award and, as distinguished from its power

under a motion for a new trial, do not permit the trial court to subject the arbitrator's decision to the same scope of review as the parties' stipulation sought to extend to this court. (See *Moncharsh* v. *Heily & Blase*, *supra*, 3 Cal.4th at p. 26.)

Considering the general tenor of the stipulation and particularly taking into account the limitations the parties placed upon the trial judge, limiting his function to one determining a motion to confirm an arbitration award, we conclude that, in spite of their use of the term "special master," the parties entered into an arbitration agreement. For reasons discussed above, on a judgment confirming an arbitration award, we are precluded from considering whether the arbitrator committed legal error.

### 3. *Effect of the Stipulation for Appealability*

The parties attempted, by their stipulation, to empower this court to review the legal correctness of the award. Such an attempt is inconsistent with some of the primary purposes of arbitration, quicker results and early finality. Furthermore, because of the flexibility in the consideration of both evidence and law afforded to arbitrators (*Moncharsh* v. *Heily & Blase*, *supra*, 3 Cal.4th at p. 11), appellate courts are ill suited to extend plenary appeal rights to a party to an agreement to arbitrate. Most importantly, the Court of Appeal reviews judgments. Because the trial court entered judgment in accordance with the stipulation of the parties, there is nothing for us to review. There is no suggestion the trial court erred in having the judgment entered.

Even if we were to consider the stipulation as providing for a section 638 reference, the limitations placed upon the powers of the trial court would likewise preclude appellate review. By the terms of their stipulation, the parties attempted to cut out the middleman: the trial judge. They agreed to preclude him from considering whether Justice Rickles's decision was based on legal error, provided they would not pass "Go" and head directly to this court. The effect of their stipulation, were we to interpret it as a stipulation for a general reference, would be to place upon this court the duty to perform a function which, in the first instance, is assigned to the trial judge. Although we feel honored by the parties' assumption we are more capable of performing this task than the court constitutionally assigned to perform this duty in the first place, an assumption we do not necessarily share, we respectfully decline to accept the favor their stipulation seeks to impose on us.

No appeal can be taken except from an appealable order or judgment, as defined in the statutes and developed by case law. (*Lavine* v. *Jessup* (1957)

48 Cal.2d 611, 613 [311 P.2d 8].) There is no constitutional right to an appeal. (*Powers* v. *City of Richmond* (1995) 10 Cal.4th 85, 115 [40 Cal.Rptr.2d 839, 893 P.2d 1160].) The parties cannot by their stipulation confer jurisdiction upon this court where none exists. (*Franklin* v. *City of Sacramento* (1962) 204 Cal.App.2d 450, 452 [22 Cal.Rptr. 331].) Like the mythical chimera, out of incongruous parts, the parties have created something which does not exist. Whatever the parties' intention, the creature they conceived and delivered cannot get them to the appellate court. This court has no jurisdiction to hear the present appeal since subject matter jurisdiction can never be created by consent, waiver or estoppel. (*Norman I. Krug Real Estate Investments, Inc.* v. *Praszker* (1990) 220 Cal.App.3d 35, 47 [269 Cal.Rptr. 228].)[3]

## DISPOSITION

The judgment is affirmed; each party to bear its own costs.

Sills, P. J., and Crosby, J., concurred.

---

[3]The stipulation here bears some similarity to the one entered into by the parties in *In re Marriage of Assemi, supra,* There also, the quasi-judicial officer combined some characteristics of an arbitrator with those of a temporary judge. (7 Cal.4th at pp. 907-909.) There also, the parties stipulated that the decision of the quasi-judicial officer be subject to appellate review. (*Id.* at pp. 901-902.) The decision fails to draw a bright line between arbitrators and temporary judges in holding that a settlement made before the quasi-judicial officer was a settlement "before the court." (*Id.* at p. 906.) We do not read the opinion as suggesting that such a bright line distinction is unnecessary when determining the jurisdiction of the Court of Appeal.