Filed 10/18/22  Westport Village etc. v. Khanna CA1/2
Order modifying opinion filed 9/28/22

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WESTPORT VILLAGE AT IRONGATE COMMUNITY ASSOCIATION,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>AMIT KHANNA et al.,<br><br>　　Defendants and Appellants. | A164667<br><br>(Alameda County<br>Super. Ct. No. RG16841558)<br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING |

BY THE COURT:

It is ordered that the opinion filed herein on September 28, 2022, be modified as follows:

In the second line of text on page 1, replace the misspelled name "Mayuri" with the correctly spelled name "Mayury."

This modification does not change the judgment. Appellants' motion to add exhibit 3 to their petition for rehearing is denied. Appellants' petition for rehearing is denied.

Dated:_____　　　　_____

　　　　　　　　　　　　　　　　　　　　Stewart, Acting P.J.

Filed 9/28/22 Westport Village etc. v. Khanna CA1/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WESTPORT VILLAGE AT IRONGATE COMMUNITY ASSOCIATION,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AMIT KHANNA et al.,<br><br>    Defendants and Appellants. | A164667<br><br>(Alameda County<br>Super. Ct. No. RG16841558) |

Westport Village at Irongate Community Association (Westport) sued Amit Khanna and Mayuri Bounprakob (defendants), who owned a home in the Westport development. Westport alleged that defendants kept an "aggressive dog" in violation of the covenants, conditions, and restrictions (CC&R's) of the development. Defendants filed a cross-complaint alleging breach of contract and other claims. After years of litigation, a default judgment was entered against defendants. Several months later, the trial court issued an order granting Westport's motion for attorney fees. Defendants now seek to appeal from the default judgment and orders predating it, the attorney fee order, and a proposed amended judgment that Westport lodged in the trial court after the fee motion was granted, and that

1

has apparently never been entered.  The only appealable order before us is the attorney fee order, which we shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2016, Westport filed a complaint against defendants in Alameda County Superior Court alleging that defendants kept a trained German Shepard dog named Bruno in their unit, which constituted a nuisance under the Dublin Municipal Code and violated the governing documents of the development.[1]  Westport alleged that between June 2014 and June 2016 it "received numerous complaints that Bruno was an aggressive dog in violation [of the development's rules] and concerns regarding the threat Bruno posed to the health and safety of the residents of the [d]evelopment."

In January 2017, defendants, who were represented by counsel, filed an answer to the complaint and a cross-complaint alleging causes of action for breach of contract, bad faith, violation of the Davis-Stirling Common Interest Development Act, breach of fiduciary duty, and declaratory relief.

By May 2019, defendants were no longer represented by counsel.[2] After defendants refused to appear at noticed depositions, the trial court granted Westport's motions to compel defendants to produce documents and provide testimony at deposition.  The court ordered defendants to contact

---

[1] The complaint alleged six causes of action:  breach of CC&R's, fraud, breach of the covenant of good faith and fair dealing, preliminary and permanent injunctions to abate nuisance, declaratory relief, and violations of the Dublin Municipal Code as a public and private nuisance.

[2] Defendants represent that after their first attorney's "termination as counsel," they hired different lawyers who resigned "in the midst of discovery."  After that, defendants represented themselves in the trial court, and they represent themselves on appeal.

Westport's attorneys by August 14, 2019, to schedule the depositions, but defendants failed to do so.

In November 2019, defendants filed a motion to quash all discovery; the motion was set for hearing on February 19, 2020. In January 2020, Westport filed a motion seeking terminating sanctions and judgment by default on the grounds that defendants had refused to comply with discovery demands and that defendants' refusal to comply with the court's orders constituted a misuse of the discovery process. The hearing on the sanctions motion was held on February 13, 2020, and in an order dated the next day, the trial court granted the motion, and authorized Westport to file a request for entry of default. The court noted in its order that defendants' opposition to the sanctions motion and defendants' motion to quash all discovery (which had been set for hearing on February 19, 2020) rested on the argument that Westport's counsel were not authorized to act on Westport's behalf because such authority can be granted only by a vote of all members of Westport. The court characterized the argument as "unsupported" and "frivolous." On February 27, 2020, the clerk entered the default against defendants.

Meanwhile, in October 2019, defendants had filed motions for summary judgment arguing that Westport's complaint had no basis in fact or law; the motions were scheduled to be heard on February 27, 2020. After the trial court granted terminating sanctions and authorized the entry of default, the court issued tentative rulings dropping the motion to quash discovery and motions for summary judgment from the calendar; the tentative rulings were contested at the scheduled hearings on February 19 and 27, and then affirmed in written orders from the trial court.

In March 2020, defendants filed a renewed motion to quash all discovery and a motion for reconsideration of all prior orders, both set for

hearing in May 2020. The trial court denied both motions in orders dated June 2, 2020.

On our own motion, under sections 452 and 459 of the Evidence Code, we take judicial notice of records of this court showing that defendants then filed a notice of appeal seeking to challenge several of the trial court's orders. The appeal, which was assigned number A160744, was dismissed by this court in February 2021 after a motion to dismiss was filed by Westport.[3]

In March 2021 defendants filed a "Motion to Recuse" the trial court judge who had been presiding over the matter, the Honorable Dennis Hayashi. The judge interpreted the document as a challenge for cause, and ordered it stricken on the ground that as defaulted parties, defendants could not participate in the lawsuit.

In April 2021, defendants filed a statement to disqualify Judge Hayashi under section 170.3 of the Code of Civil Procedure, alleging that Judge Hayashi was biased against them. The challenge was stricken on the grounds that defendants were in default and could not participate in the lawsuit.

In May 2021, defendants filed another challenge for cause, which the trial court also ordered stricken.

---

[3] This court subsequently denied defendants' petition for rehearing. Defendants then filed a "Petition for En Banc Reconsideration" of the appeal, which was denied in an order that explained, " 'The entry of a default terminates a defendant's rights to take any further affirmative steps in the litigation until either its default is set aside or a default judgment is entered.' [Citation.] But '[n]o appeal lies from the court clerk's entry of default; that entry is simply a ministerial act preceding the actual default judgment.' [Citation.] Because appellants have not shown [that] an actual default judgment was entered in this case, they have failed to establish the existence of an appealable order."

In June 2021, the superior court issued an order granting Westport's motion to declare defendants vexatious litigants and prohibit them from filing any litigation as self-represented plaintiffs without first obtaining leave from the presiding judge of the court where the litigation would be filed.

In July 2021, defendants filed a motion to set aside the default that had been entered against them in February 2020. The court heard argument in August 2021, and denied the motion as untimely. The court also denied defendants' applications to vacate the prefiling orders and remove them from the vexatious litigant list.

On September 1, 2021, a default judgment was entered in favor of Westport. The court ruled that Westport was the prevailing party on the complaint and cross-complaint, and ordered defendants to remove Bruno from the development. A file-endorsed copy of the judgment was served on defendants by the court on September 2, 2021.

In December 2021, Westport filed a motion for attorney fees, which is not included in the record on appeal. Defendants filed objections, arguing among other things that the lawsuit was filed in violation of the Westport by-laws, and therefore Westport was not entitled to recover its fees.

In an order dated February 18, 2022, the trial court granted Westport's motion for attorney fees, and awarded Westport a total of $365,495.02 in fees and costs for prosecuting Westport's claims and defending the cross-complaint. The court found that counsel's billing rates were reasonable, and that the time spent by the attorneys performing the tasks described in the billing records was reasonable. The court ordered Westport to file and serve the notice of entry of order, which Westport did that same day, and further ordered Westport to lodge a revised Proposed Amended Judgment, which Westport did on February 25, 2022. Westport represents (and defendants do

5

not dispute) that as of June 2022, the trial court had not filed an amended judgment in the matter.

On March 3, 2022, defendants filed a notice of appeal, purporting to challenge judgments and orders that were entered on "[v]arious [d]ates."

## DISCUSSION

Defendants' appellate briefs are difficult to follow. As best we can understand from their opening brief and the Civil Case Information Statement that defendants filed in this court, defendants seek to challenge the trial court's February 2020 order imposing terminating sanctions, the subsequent orders made by the trial court up through the default judgment that was entered in September 2021, the February 2022 attorney fee order, and the proposed amended judgment that Westport lodged with the trial court in February 2022.

### A. *Principles of Appellate Practice*

Before turning to the merits of defendants' appeal, we summarize standards that apply to appeals where parties represent themselves, as defendants do here, as well as to appeals where parties are represented by counsel. (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210 [self-represented litigant is "treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys"].)

An order challenged on appeal is presumed to be correct, and it is the appellants' burden to affirmatively show that the trial court erred. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Appellants must "present each point separately in the opening brief under an appropriate heading, showing the nature of the question to be presented and the point to be made; otherwise the point will be forfeited." (*Keyes v. Bowen* (2010) 189 Cal.App.4th

6

647, 656 (*Keyes*), citing Cal. Rules of Court, rule 8.2.04(a)(1)(B).) Further, appellants must "support claims of error with meaningful argument and citation to authority. [Citations.] When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration. . . . We are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 (*Allen*).)

Appellants must support the arguments in their briefs by appropriate reference to the appellate record. (*Air Couriers International v. Employment Development Dept.* (2007) 150 Cal.App.4th 923, 928 (*Air Couriers*).) We are not required to search the record for evidence, and we may disregard unsupported factual assertions. (*Ibid.*; see Cal. Rules of Court, rule 8.204(a)(1)(C) & (a)(2)(C) [appellant's opening brief must include a summary of significant facts limited to matters in the record, with any reference to a matter in the record supported by a citation to the volume and page number of the record].) It is the appellants' burden to provide this court with an adequate record for review; failure to do so requires us to resolve issues against them. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362 (*Oliveira*).)

B.     *Jurisdiction of the Court of Appeal*

1.     *Applicable Law*

As a reviewing court, we have jurisdiction over appeals only from appealable orders or appealable judgments. (*Griset v. Fair Political Practices Comission* (2001) 25 Cal.4th 688, 699.) "The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) It has long been the law that "no appeal can be taken except from an appealable order or judgment, as defined in the statutes and

developed by the case law, and that the time to appeal from such a judgment or order begins to run from its entry." (*Lavine v. Jessup* (1957) 48 Cal.2d 611, 613.) "The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)

With exceptions that do not apply here, an appellant must file a notice of appeal on or before the *earliest* of 60 days after the superior court clerk serves on the appellant a document entitled "Notice of Entry" of the order of judgement or a filed-endorsed copy of the order or judgment to be challenged, showing the date of service; or 60 days after the appellant is served by a party with a Notice of Entry or a filed-endorsed copy of the order or judgment, accompanied by proof of service; or 180 days after entry of the order or judgment. (Cal Rules of Court, rule 8.108(a).) "If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (*Id.,* rule 8.104(b).)

2.    *Analysis*

Only one judgment is at issue in this appeal:  the default judgment that was signed by the court on September 1, 2021 and filed that same day.  But the default judgment is not appealable, because the notice of appeal was not timely filed.  The superior court clerk served a file-endorsed copy of the judgment on defendants on September 2, 2021, as reflected in the Clerk's Certificate of Mailing.  As a result, the last date on which a notice of appeal could be timely filed was November 1, 2021.  Appellants did not file their notice of appeal until March 3, 2022, which was months after the 60-day

8

deadline that applied here.[4]  Accordingly, we dismiss the appeal as to the default judgment.[5]

We turn now to the prejudgment orders of the trial court.

To the extent defendants seek to appeal from the orders striking the challenges for cause that they brought against Judge Hayashi, the appeal is dismissed, because those orders are not appealable.  That is because "[t]he determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal."  (Code Civ. Proc., § 170.3, subd. (d).)

To the extent that defendants seek to appeal from any other prejudgment orders, the appeals are dismissed because they are untimely. Appeals from prejudgment orders that were immediately appealable are untimely because defendants' notice of appeal was filed in March 2022, more than 180 days after the August 9, 2021 denial of defendants' applications to vacate the prefiling orders and remove defendants from the vexatious litigant list, which are the last of the prejudgment orders at issue in this case.[6]  (Code

---

[4] Even if the 180-day deadline had applied, the appeal would be untimely.  The judgment was entered on September 1, 2021; the Notice of Appeal was filed on March 3, 2022, 183 days later.

[5] Defendants contend that they can appeal from the "[Proposed] Amended Judgment" that Westport lodged in the trial court on February 25, 2022.  They are mistaken.  The record shows that the Proposed Amended Judgment was served on defendants and received by the trial court, but there is no indication that it was ever signed by the trial court or entered, which means there is no judgment from which an appeal can be taken.

[6] The orders declaring defendants vexatious litigants and imposing prefiling requirements were immediately appealable orders, despite Westport's contention that an order declaring a party a vexatious litigant is not appealable.  A prefiling order is an injunction, and is therefore an

9

Civ. Proc., § 906; *Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 67 [aggrieved party who fails to file a timely appeal from an appealable order loses the opportunity to obtain appellate review].) Appeals from prejudgment orders that were not immediately appealable are untimely because those orders were subject to review in an appeal from the default judgment itself. (Code Civ. Proc., § 906.) Defendants' failure to timely appeal from the default judgment requires us to dismiss their appeals as to the prejudgment orders that affected the judgment, including, for example, the February 2020 order imposing terminating sanctions.

Apart from the prejudgment orders and default judgment, there is one *postjudgment* order that defendants apparently seek to contest: the attorney fee order dated February 18, 2022. (Code Civ. Proc., § 904.1, subd. (a)(2).) Westport served defendants with Notice of Entry of that order the same day it was entered; this means defendants' March 3, 2022 notice of appeal is timely with respect to that fee order.[7] We now turn to defendants' challenge of the fee order.

C.     *Award of Attorney Fees*

Despite the fact that the order awarding attorney fees is appealable, defendants' challenge to the award is unavailing. As an initial matter, we

---

appealable order under Code of Civil Procedure, section 904.1, subdivision (a)(6). (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347.)

[7] Before the Civil Case Information Statement or record on appeal were filed in this matter, Westport filed a motion to dismiss the appeal on the grounds that it was untimely as to the September 1, 2021 default judgment and premature as to the February 18, 2022 attorney fee order. Defendants opposed the motion, and we denied it, explaining that, "it appears appellants may have timely appealed the [attorney fee order]." We denied the motion without prejudice to Westport raising the issue of timeliness on a fuller appellate record.

10

must resolve the challenge against them because they have not given us an adequate record for review. (*Oliveira, supra*, 206 Cal.App.4th at p. 1362.) Defendants' appendix includes their objection to Westport's motion, but omits Westport's motion and supporting documentation.

Beyond that, defendants have forfeited their challenge by failing to include any substantive argument in their briefs that directly addresses the fee award. (*Allen, supra*, 234 Cal.App.4th at p. 52.) There is no reference to the fee award in the headings in their briefs (*Keyes, supra*, 189 Cal.App.4th at p. 656); and there is just one reference to the attorney fee order in defendants' opening brief: defendants assert that their appeal is timely "due to [the trial court's] egregious, ridiculous and unjust [o]rder assessing more than $350,000 in legal fees and costs against" them. In this assertion defendants characterize the award, but they present no legal argument or authority to support their characterization, and therefore we "treat the point as forfeited." (*Allen, supra*, 234 Cal.App.4th at p. 52.)

In any event, the only possible basis for defendants' challenge that we can discern in their brief is their claim that Westport's attorneys were improperly engaged by Westport's board. Even if we assume that improper engagement of the attorneys precluded the trial court from awarding attorney fees, we reject defendants' claim.

Defendants argue that Westport was required by its "declaration and by-laws" to have the authorization of a majority of its members before hiring attorneys to file suit against defendants.[8] They base this argument on their

---

[8] We understand defendants' use of the term "declaration and by-laws" as a reference to the "Declaration of Covenants, Conditions and Restrictions for Westport Village at Irongate, a Condominium Development," and the "Bylaws of Westport Village and Irongate Community Association," both of which were attached as exhibits to Westport's complaint.

11

contention that section 5.2.N of the CC&R's contained in the declaration gives the board " 'authority to enter a contract with an attorney in a matter involving alleged design or construction defects in the Project, only as to the facilities or improvements the Association is responsible for maintaining as provided herein, only if the matter is not resolved pursuant to the procedures set forth in Article IX, and only after getting the vote at a duly noticed and properly held membership meeting of a majority of the members.' " (Bolding omitted.)  But defendants' argument is unpersuasive.  Although defendants purport to quote from provisions in the CC&R's in their brief, the brief does not contain any record citations to the CC&R's themselves.  This means that we are justified in disregarding their assertions about the contents of the CC&R's.  (*Air Couriers*, *supra*, 150 Cal.App.4th at p. 928.)  In any event, defendants provide no argument or authority or record citations to support their contention that the CC&R provision on which they rely applies to Westport's decision to hire attorneys and sue defendants.[9]  (*Allen*, *supra*, 234 Cal.App.4th at p. 52.)

Defendants also argue that section 7.3.A of the bylaws requires the board to obtain a majority vote of the members to enter a contract for the provision of services where the term is more than one year or the expected amount to be paid is more than $5,000, and that no such approval was obtained to hire the firm that sued defendants.  This argument is

---

[9] Defendants contend that the provision applies to Westport's suit against them, which, they claim, was filed in retaliation for their complaints about defects in their unit.  Even if such a retaliatory lawsuit were covered by the provision on which defendants rely, defendants' argument fails because defendants do not cite to anything in the record to support their assertion that they complained about defects in the unit. (*Air Couriers*, *supra*, 150 Cal.App.4th at p. 928.)

unpersuasive because, as with the CC&R's, defendants purport to quote from sections of the bylaws without providing record citations to them. And even if the bylaw provision applied in this case, defendants do not provide any citations to evidence that Westport violated the provision. We therefore disregard the assertions on which defendants' argument relies. (*Air Couriers*, *supra*, 150 Cal.App.4th at p. 928.)

Finally, defendants argue that the board engaged its attorneys at a "closed executive session without [defendants'] required consent" in violation of subdivision (b) of Civil Code section 4935. That provision of the Civil Code requires the board of a common interest development to "adjourn to, or meet solely in, executive session to discuss member discipline, if requested by the member who is the subject of the discussion," and further states that the "member shall be entitled to attend the executive session." (Civ. Code, § 4935, subd. (b).) To support their claim that that Civil Code provision was violated, defendants contend that Westport's property manager admitted that defendants' rights were "egregiously violated." Defendants read too much into the portion of the record on which they rely for this contention: it is an email to them from the property manager stating that "the meeting where they hired and authorizing [*sic*] Mr. Vinding to proceed are executive session meetings that are not releasable. You can obtain those through the discovery process which, after this many years in litigation, you are well aware of." This is not an admission of any violation of rights. To the extent defendants argue that any executive session at which attorneys were hired to sue them was necessarily in violation of Civil Code section 4935, the argument is forfeited because defendants do not provide any argument or authority that hiring an attorney to pursue litigation to enforce the CC&R's constitutes "member discipline." (*Allen*, *supra*, 234 Cal.App.4th at p. 52.)

13

**DISPOSITION**

The appeal is dismissed except as to the February 18, 2022 order awarding attorney fees. As to the February 18, 2022 attorney fee order, it is affirmed. Westport shall recover its costs on appeal.

_____

Miller, J.

WE CONCUR:


_____

Stewart, Acting P.J.


_____

Mayfield, J.*




A164667, *Westport Village at Irongate Community Association v. Khanna et al.*


_____

* Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.