[Civ. No. 6413.   Fourth Dist.   Aug. 17, 1960.]

DALE M. HENRY, JR., Appellant, v. THE LAW FIRM OF WILLIAM HILLYER, RICHARD CRAKE AND OSCAR F. IRWIN, Respondent.

Dale M. Henry, Jr., in pro. per., for Appellant.

John W. McInnis and McInnis, Focht & Fitzgerald for Respondent.

SHEPARD, J.—This is a purported appeal from an order granting a motion to strike portions of plaintiff's second amended complaint and from an order sustaining defendant's demurrer to plaintiff's second amended complaint without leave to amend. The record does not show that any judgment

was ever entered pursuant to said order. The notice of appeal refers to an order granting a motion to strike and sustaining the general and special demurrer. A judgment is not mentioned in the notice of appeal nor in the notice to the clerk to prepare records necessary for prosecution of appeal. There is nothing contained in the clerk's transcript in any way purporting to be a judgment. It is thus clear that there is no error in appellant's terminology and that he is in truth attempting to appeal from the order granting a motion to strike and from the order sustaining defendant's demurrer.

This court is powerless to entertain or consider the merits of a nonappealable order. ▮ An order sustaining a demurrer without leave to amend is not one of those mentioned in Code of Civil Procedure, section 963. It is not appealable. (*Evans* v. *Dabney,* 37 Cal.2d 758, 759 [1] [235 P.2d 604].) An appeal in such cases must be taken from a judgment of dismissal. (*Schisler* v. *Mitchell,* 174 Cal.App.2d 27, 29 [1] [344 P.2d 61]; *Brown* v. *Mayor & City Council of Redlands,* 174 Cal.App.2d 763 [345 P.2d 75].) ▮ An order granting a motion to strike a portion of a pleading is in the same category. No appeal is provided from such an order. (*Yandell* v. *City of Los Angeles,* 214 Cal. 234 [9 P.2d 947]; *W. A. Rose Co.* v. *Municipal Court,* 176 Cal.App.2d 67 [1 Cal. Rptr. 49].)

Appeal dismissed.

Griffin, P. J., and Coughlin, J., concurred.