Filed 4/16/13 Janopaul + Block Companies v. Sundt Construction Co. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JANOPAUL + BLOCK COMPANIES, LLC, et al., | D059947 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. GIC854799) |
| SUNDT CONSTRUCTION COMPANY, INC., SOUTHERN CALIFORNIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment and order of the Superior Court of San Diego County, Luis R. Vargas, Judge. Reversed.

Sundt Construction Company, Inc., Southern California (Sundt) appeals an order and a corresponding judgment awarding Janopaul + Block Companies, LLC (J + B), Janopaul Block S.D. No. 1, LLC (S.D. No. 1), and their principals, Peter Janopaul III and Anthony P.A. Block, $901,085.27 in costs, attorney fees, and prejudgment interest in this

construct defect action. We conclude respondents were not legally entitled to costs, attorney fees, or prejudgment interest and therefore reverse the order and judgment.

I.

BACKGROUND

A. *The Hotel to Condominium Conversion*

J + B hired Ninteman Construction Company, Inc., now known as Sundt, to convert a hotel that J + B owned to apartments and retail space. While construction was ongoing, J + B deeded the hotel to S.D. No. 1.

A few years after construction was completed, the apartments were converted to condominiums and sold to the public. In connection with these sales, J + B and S.D. No. 1 (collectively Janopaul) made disclosures of construction defects, which reduced their sales revenue by approximately $3 million. Janopaul also incurred approximately $750,000 in out-of-pocket expenses for repairs.

B. *The Construction Defect Litigation*

The faulty construction resulted in several lawsuits, which were eventually consolidated. The first to be filed was an action by Janopaul against Sundt seeking damages for various construction defects on theories of negligence, breach of contract, and breach of warranty. Janopaul also sought attorney fees on the breach of contract and breach of warranty claims, but not on the negligence claim.[1] The condominium

---

[1] The construction contract between Janopaul and Sundt contained the following clause: "In the event of any action instituted between the parties in connection with this

homeowners association subsequently sued Janopaul and Sundt for damages for construction defects based on various theories. Janopaul and its principals filed a cross-complaint against Sundt in the homeowners association's action seeking defense and indemnity against the association's claims. Two other actions were also filed and consolidated with the actions filed by Janopaul and the homeowners association, but neither is relevant to this appeal.

Janopaul and the homeowners association resolved their dispute by a settlement agreement to which Sundt was not a party. A provision of the settlement agreement gave the homeowners association the right to force Janopaul to accept an offer of less than $600,000 from Sundt to resolve Janopaul's claims against Sundt, except those for attorney fees and costs. If the homeowners association exercised this right, it would receive all of the settlement proceeds. The settlement agreement also provided for a mediation and arbitration process in the event of a dispute between the homeowners association and Janopaul regarding their continuing obligations under the agreement.

A dispute between Janopaul and the homeowners association subsequently arose when the association accepted Sundt's offer of $300,000 to settle Janopaul's claims against Sundt.[2] The dispute was submitted to mediation, which was unsuccessful, and

Agreement, the prevailing party shall be entitled to recover from the losing party the prevailing party's costs and expenses, including reasonable attorneys' fees."

[2]    As part of our request for supplemental briefs, we asked the parties whether a separate written agreement or other document memorialized the $300,000 settlement between Janopaul and Sundt; and, if such a document existed, we asked them to augment the record to include it. Janopaul responded that no separate settlement agreement with

then to arbitration. The arbitrator ruled (1) the homeowners association had a unilateral right to accept Sundt's offer without consulting Janopaul; (2) "the Sundt/Janopaul settlement for $300,000 is final and binding on all parties"; and (3) the only rights Janopaul retained against Sundt were the rights to pursue fees and costs. Sundt was not a party to the arbitration proceedings. The trial court confirmed the arbitration award and entered a corresponding judgment in the homeowners association's action against Janopaul and Sundt.

C.      *Janopaul's Motion for Attorney Fees, Costs and Prejudgment Interest*

Two months later, Janopaul filed a motion for an award of $1,259,669.67 in attorney fees, costs, and prejudgment interest against Sundt (hereafter, fee motion). Janopaul stated that "[b]y this motion [it] seeks recovery as the prevailing party on its contract in Case 1 [i.e., its lawsuit against Sundt]," and contended it was "the prevailing party . . . by virtue of Sundt's payment of $300,000 on the Janopaul contract claims." As to attorney fees, Janopaul quoted the attorney fee provision of the construction contract with Sundt (see fn. 1, *ante*); cited Civil Code section 1717 and Code of Civil Procedure

Sundt exists. Sundt responded that a written agreement between it and the homeowners association memorializes the settlement, submitted a copy of that agreement, and asked us to augment the record to include it. We deny Sundt's augmentation request, which Janopaul opposes, because Janopaul is not a party to the settlement agreement between Sundt and the homeowners association, the agreement was not part of the record before the trial court, and it is not necessary to our resolution of the appeal. (See Cal. Rules of Court, rule 8.155(a)(1)(A) [authorizing augmentation of record to include document filed or lodged in trial court]; *Guardianship of Jacobson* (1947) 30 Cal.2d 312, 325 [denying augmentation request when "proffered data would not affect the determination of this appeal"]; *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1172, fn. 4 [denying augmentation request when document was not before trial court when it entered challenged judgment].)

4

section 1033.5, subdivision (a)(10); and claimed its "entitlement to fees rest[ed] in Sundt's breach of the construction contract." As to costs, Janopaul argued it was the party with the net monetary recovery entitled to recover costs as a matter of law under Code of Civil Procedure section 1032.

In support of the fee motion, Janopaul's counsel submitted a declaration that attached tables listing attorney fees, costs, and prejudgment interest incurred through April 2010, and another table listing payments received from insurers and subcontractors. Janopaul submitted no attorney time records, no information about its attorneys' billing rates, and no supporting documentation for any of the claimed costs. In its legal memorandum, however, Janopaul stated: "Back-up [documents] for all submitted costs are available should the Court wish to review them."

Sundt vigorously opposed Janopaul's fee motion on several grounds. Sundt challenged the motion as procedurally improper, objected to the standing of some parties to seek fees, and argued Janopaul was not entitled to fees because it was not a licensed contractor. Sundt also contended Janopaul would recover nothing under the $300,000 settlement approved by the homeowners association and therefore should not be deemed the prevailing party under the construction contract. Sundt further complained that Janopaul had submitted no evidence that the fees and costs requested were reasonable, and, to the contrary, were unnecessary, unreasonable, and excessive. Finally, Sundt asserted there was no legal basis for an award of prejudgment interest on fees and costs.

As part of its opposition, Sundt submitted the declaration of its counsel, who stated he had reviewed the billing records of Janopaul's counsel (which were obtained in

5

discovery) and concluded Janopaul's fee request should be reduced by approximately $1.7 million because the corresponding billing entries were "unnecessary, unreasonable and excessive" for several reasons. Copies of the challenged billing records were lodged with the court. Sundt also filed evidentiary objections to Janopaul's tables summarizing costs, fees, and interest, and requested the court take judicial notice of several pleadings and other documents on file in the consolidated actions.

In its reply in support of the fee motion, Janopaul argued Sundt was trying "to confuse th[e] simple point" that Janopaul "filed a complaint for breach of contract against Sundt. To be clear, that is the only case to which this motion relates." Janopaul contended the motion was procedurally proper; all parties requesting fees had standing to do so; it was the prevailing party because it had a net monetary recovery of $300,000 from Sundt; its contractor licensing status was irrelevant because Janopaul did not act as a contractor; and the total amount of fees, costs, and interest requested was reasonable. Janopaul did not respond to Sundt's argument that prejudgment interest was not recoverable.

Included among Janopaul's reply papers was a declaration of its counsel's office manager, who attached a two-page chart that listed the total attorney, paralegal, and clerk hours for each month and the corresponding hourly billing rates, but provided no information about the tasks performed by those individuals whose time was billed. Janopaul also filed evidentiary objections to some of the declarations and other materials Sundt had submitted in opposition to the fee motion. The day before the hearing on the

6

motion, Janopaul submitted a declaration from its counsel seeking an additional $113,945 in attorney fees incurred since April 2010.

D.    *The Trial Court's Order and Judgment*

The trial court held a hearing on Janopaul's fee motion and then took the matter under submission.  Approximately 10 weeks later, the court issued the following minute order:

> "[Janopaul's fee motion] is **granted, in part, and denied, in part**.  [¶]  The Court finds [Janopaul] is the prevailing party as against [Sundt].  [¶]  The Trial Court has broad authority to determine the amount of a reasonable fee. (*PCLM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)  To this end, the Court awards [Janopaul] its attorney's fees in the amount of $901,085.27.  The Court finds these fees are reasonable and were necessarily incurred.  [¶]  All objections to evidence are **overruled**.  [¶]  All requests for judicial notice are **granted**."

The order does not explain which aspects of the motion were granted and which were denied; nor does it mention Janopaul's request for costs or prejudgment interest.

The trial court subsequently entered a judgment in Janopaul's action against Sundt. The judgment states the minute order entered on Janopaul's fee motion "is the final Order of the Court and Judgment is entered accordingly."  The judgment did not award Janopaul any damages or other relief on any of its causes of action against Sundt.

II.

DISCUSSION

In their initial briefing, the parties advanced several opposing arguments regarding the adequacy of the explanation in the trial court's order, the standing of certain respondents to recover costs and attorney fees, the legality of the contract containing the

7

attorney fee clause under the Contractors' State License Law (Bus. & Prof. Code, § 7000 et seq.), the reasonableness of the amount awarded by the trial court, and the legal basis for awarding prejudgment interest. After we reviewed the parties' initial briefing and the record on appeal, we had a more fundamental question: whether, in light of the $300,000 settlement between Janopaul and Sundt and the governing statutes, Janopaul qualified as a prevailing party entitled to recover costs and attorney fees from Sundt. Because the parties had not adequately addressed this question in their briefing, we solicited supplemental briefs. (See Gov. Code, § 68081.) Having considered the parties' supplemental briefs, we conclude, for reasons explained below, that Janopaul is not the prevailing party entitled to costs, attorney fees, or prejudgment interest.

A.    *Janopaul Was Not Entitled to Costs*

We first consider whether Janopaul was entitled to recover costs from Sundt. "Under the common law rule, parties to litigation must bear their own costs. The right to recover any of such costs is determined entirely by statute." (*Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439.) Here, the governing statute provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).) And, as pertinent to this appeal, "'[p]revailing party' includes the party with a net monetary recovery, [and] a defendant in whose favor a dismissal is entered . . . ." (*Id.*, § 1032, subd. (a)(4).)

Janopaul contends it was the prevailing party under Code of Civil Procedure section 1032 because the $300,000 settlement payment from Sundt constituted a net

monetary recovery, and Sundt did not obtain a dismissal of Janopaul's causes of action. Sundt counters that it was the prevailing party under section 1032 because settlement proceeds do not constitute a net monetary recovery, and the judgment confirming the arbitration award was "akin to a dismissal." We conclude Sundt has the better argument.

Janopaul's receipt of $300,000 in settlement proceeds from Sundt did not make it the prevailing party. By using the term "net monetary recovery" in Code of Civil Procedure section 1032, "the Legislature did not intend to include settlement proceeds received by the plaintiff in exchange for a dismissal in favor of the defendant." (*Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 188.) Rather, when a case settles, the defendant with a dismissal entered in its favor is the prevailing party for purposes of an award of costs under section 1032. (*Id.* at p. 190.) Although the record in this case contains no formal dismissal of Janopaul's claims that was given in exchange for Sundt's settlement payment, it does contain two judgments that operated as a dismissal. The judgment confirming the arbitrator's award entered in the homeowners association's action, after Janopaul settled with the association and Sundt settled with Janopaul, terminated that action without a trial and awarded Janopaul no damages or other relief on its cross-complaint against Sundt. Similarly, the judgment in Janopaul's action against Sundt, also entered after the parties settled, terminated that action without trial and awarded Janopaul no damages or other relief on its complaint. Although neither of these judgments mentioned dismissal of Janopaul's action or cross-action, there is no requirement that to constitute a dismissal a judgment "must, in explicit terms, dismiss the action." (*Schisler v. Mitchell* (1959) 174 Cal.App.2d 27, 29.) A judgment constitutes a

9

dismissal where, as here, it "terminat[es] a case without a trial of the issues of fact involved."  (*Ibid.*; see also *Saddlemire v. Stockton Savings etc. Soc.* (1904) 144 Cal. 650, 655-656 [judgment that plaintiff take nothing by action is equivalent to judgment dismissing action].)  Thus, having settled with Janopaul and obtained judgments that were "akin to a dismissal," Sundt was the prevailing party for purposes of costs.  (See Code Civ. Proc., § 1032, subd. (a)(4); *Chinn*, at p. 190.)

We also reject Janopaul's additional argument that it was entitled to costs because the parties specifically excepted its right to pursue attorney fees and costs from the $300,000 settlement the homeowners association forced Janopaul to accept from Sundt. Janopaul points out that parties who reach a settlement may stipulate to resolve the matter of costs by using procedures alternative to those prescribed by the cost recovery statutes (Code Civ. Proc., § 1032, subd. (c); *Chinn*, *supra*, 166 CalApp.4th at p. 184; *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899, 908), and it cites as such a stipulation the portion of the arbitrator's award purporting to reserve Janopaul's right to pursue costs and attorney fees against Sundt.  The flaw in this argument is that arbitration "is a matter of contract," and "an arbitrator has no power to determine the rights and obligations of one who is not a party to the arbitration agreement or arbitration proceedings."  (*Unimart v. Superior Court* (1969) 1 Cal.App.3d 1039, 1045; see also *Berglund v. Arthroscopic & Laser Surgery Center of San Diego, L.P.* (2008) 44 Cal.4th 528, 536 [arbitration award not conclusive or final as to nonparties].)  Since Sundt was not a party to the settlement agreement between the homeowners association and Janopaul that contained the arbitration clause or to the arbitration proceedings, the portion of the arbitrator's award

10

purporting to reserve Janopaul's right to pursue costs does not constitute a stipulation binding on Sundt.

B. *Janopaul Was Not Entitled to Attorney Fees*

We next consider whether Janopaul was entitled to recover attorney fees from Sundt. Unless a statute or contract provides otherwise, parties to litigation must bear their own attorney fees. (Code Civ. Proc., § 1021; *Musaelian v. Adams* (2009) 45 Cal.4th 512, 516.) This case does not involve any statutory causes of action for which attorney fees are recoverable. But, as noted earlier, the construction contract between Janopaul and Sundt contains a provision authorizing "the prevailing party" to recover fees in "any action instituted between the parties in connection with [the contract]." (See fn. 1, *ante*.)

Based on the attorney fee clause, Janopaul contends it was entitled to an award of fees because it was "the only party who recovered any relief on the construction contract . . . , when Sundt paid $300,000 to resolve Janopaul's construction defect claims." Sundt counters that under Civil Code section 1717, subdivision (b)(2) (no prevailing party when action dismissed pursuant to settlement), the $300,000 settlement precludes either party from being a prevailing party entitled to recover attorney fees. Janopaul replies that section 1717, subdivision (b)(2) does not apply. We again conclude Sundt has the better argument.

Where, as here, a party invokes a contractual fee provision to recover attorney fees incurred in litigating contract claims, Civil Code section 1717 governs. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 614-615 (*Santisas*); *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 237 (*Barnhart*).) Section 1717 authorizes

11

"the party prevailing on the contract," i.e., "the party who recovered a greater relief in the action on the contract," to recover attorney fees. (Civ. Code, § 1717, subds. (a), (b)(1).) The statute, however, further provides: "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." (*Id.*, § 1717, subd. (b)(2).) As we explained in part II.A., *ante*, Janopaul's action and cross-action against Sundt were effectively dismissed pursuant to the settlements among Janopaul, Sundt, and the homeowners association. Accordingly, there was no prevailing party entitled to attorney fees. (*Ibid.*; cf. *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 707 [cross-defendant not entitled to attorney fees under contractual fee clause when cross-complainant dismissed action pursuant to settlement].)

Janopaul contends Civil Code section 1717, subdivision (b)(2) does not apply because: (1) "it did not enter into a settlement which resulted in the dismissal of the Contract Case [i.e., Janopaul's lawsuit against Sundt]"; (2) section 1717 covers only contract claims, and therefore does not affect Janopaul's entitlement to a fee award based on its negligence claim; and (3) the parties reserved Janopaul's right to pursue attorney fees against Sundt. We are not persuaded.

First, the $300,000 settlement between Janopaul and Sundt did result in the dismissal of Janopaul's claims against Sundt. As we explained above, the effect of the settlement was to dismiss all of Janopaul's claims against Sundt because, as a result of the settlement, all of Janopaul's claims were resolved without a trial, and Janopaul recovered no damages or other relief. (See pt. II.A., *ante*.) Janopaul acknowledged this effect in

12

papers filed in support of its fee motion.  In its initial moving papers, Janopaul stated that "*there is nothing left to try in the breach of contract action* (Case 1) *so* [*Janopaul's*] *contract action is over* and there is no question it is owed fees and costs.  *The case effectively concluded when Sundt agreed to pay on the claim.*"  (Italics added.)  In its reply papers, Janopaul similarly stated that after confirmation of the arbitration award, "*There is nothing left to do*, except for Sundt to pay the $300,000 and to have the fee and cost claims finalized."  (Italics added.)  Thus, although Janopaul did not explicitly agree to dismiss its claims as part of the settlement with Sundt, the fact the claims were resolved without trial because of the settlement is sufficient to trigger application of the statutory prohibition against attorney fee recovery, which applies when an action has been "dismissed pursuant to a settlement of the case."  (Civ. Code, § 1717, subd. (b)(2); see *id.*, § 3528 ["The law respects form less than substance."].)

Second, Janopaul's inclusion of a claim labeled "negligence" in its complaint against Sundt does not allow it to avoid the operation of Civil Code section 1717. Janopaul relies on the rule that "[i]f an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims."  (*Santisas*, *supra*, 17 Cal.4th at p. 615.)  Such reliance is misplaced, however, because Janopaul never sought fees based on its negligence claim.  In its complaint Janopaul requested fees in connection with only its breach of contract and breach of warranty claims, not its negligence claim.  In its fee motion, Janopaul never mentioned the negligence claim, but it repeatedly asserted it was entitled to fees for having prevailed on claims based on the construction contract, and as support it cited

13

section 1717 and interpretive case law.[3]  Janopaul may not disavow the theory it pursued in the trial court and adopt a different theory on appeal.  (See, e.g., *In re Marriage of Facter* (2013) 212 Cal.App.4th 967, 987, fn. 27; *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC* (2012) 205 Cal.App.4th 999, 1027.)  In any event, though labeled "negligence," the first claim asserted in Janopaul's complaint against Sundt was not a tort claim.  In that claim, Janopaul alleged that "in performing the work of contractor," Sundt "negligently, carelessly, and in an unworkmanlike manner, performed the aforesaid work" and thereby caused Janopaul to suffer damages.  The mere negligent performance of a construction contract is not a tort; it is a breach of contract.  (*Erlich v. Menezes* (1999) 21 Cal.4th 543, 552, 554.)  Thus, all three claims pleaded in Janopaul's complaint were based on the construction contract and thus were subject to section 1717.  (*Barnhart*, *supra*, 211 Cal.App.4th at p. 242 [breach of contract claim subject to Civ. Code, § 1717]; *A & M Produce Co. v. FMC Corp.* (1982) 135 Cal.App.3d 473, 495 [breach of warranty claim subject to Civ. Code, § 1717].)

---

3      For example, Janopaul asserted:  (1) it was "the prevailing party as against Sundt by virtue of Sundt's payment of $300,000 on the Janopaul contract claims"; (2) it was the prevailing party "on the contract action"; (3) its "entitlement to fees rests in Sundt's breach of the construction contract"; (4) "[b]y this motion [Janopaul] seeks recovery as the prevailing party on its contract in Case 1 [i.e., its lawsuit against Sundt]"; (5) "it is clear that [Janopaul's] entitlement to attorneys fees comes [from] the construction contract in accordance with Civil Code section 1717"; and (6) "it filed a complaint for breach of contract against Sundt," and "[t]o be clear, that is the only case to which this motion relates."  In light of these statements, we reject Janopaul's suggestion in its supplemental brief that it also sought and was properly awarded attorney fees in connection with the negligence and equitable claims asserted in the cross-complaint filed against Sundt in the homeowners association's action.

14

Third, Janopaul did not reserve any right to recover attorney fees from Sundt. Janopaul relies on *Jackson v. Homeowners Assn. Monte Vista Estates-East* (2001) 93 Cal.App.4th 773, 782, where the court held "the parties could validly waive [Civil Code] section 1717, subdivision (b)(2) in order to submit the question [of prevailing party attorney fees] to the trial court for resolution." We question whether *Jackson* is consistent with our Supreme Court's interpretation of section 1717, subdivision (b)(2) "as overriding or nullifying conflicting contractual provisions." (*Santisas*, *supra*, 17 Cal.4th at p. 617.) We need not resolve this potential conflict, however, because the factual predicate for application of the *Jackson* rule is absent here. In *Jackson*, "[t]he parties expressly agreed, on the record and in the written settlement agreement, to have the trial court determine whether there was a prevailing party and, if so, determine which party prevailed, and then to award attorney fees accordingly." (*Jackson*, at p. 784.) Here, by contrast, Janopaul admits it never entered into a written settlement agreement with Sundt. In particular, in its fee motion Janopaul stated: "And to be perfectly clear on another point, there was never an agreement regarding waiver of attorneys fees and costs." Further, as we explained earlier, Janopaul may not rely on the portion of the arbitrator's award purporting to reserve its right to pursue fees from Sundt, because Sundt, as a nonparty to the settlement agreement that contained the arbitration clause or to the arbitration proceedings, is not bound by the award. (See pt. II.A., *ante*.) Therefore, even if we were to assume parties may "validly waive section 1717, subdivision (b)(2)" (*Jackson*, at p. 782), they did not do so here.

15

C.      *Janopaul Was Not Entitled to Prejudgment Interest*

We finally consider whether Janopaul was entitled to recover prejudgment interest from Sundt.  In the trial court, Janopaul requested an award of $459,939.27 in prejudgment interest on its costs and attorney fees; and, on the day before the hearing on the fee motion, Janopaul claimed for the first time that it was entitled to interest under Civil Code section 3287.  On appeal, Janopaul argues "[t]he trial court properly considered the request for pre-judgment interest and there is no basis for reversing the ruling because it *may have* included these expenses in its award."  We disagree, for two reasons.

First, Civil Code section 3287 does not authorize an award of prejudgment interest on either costs or attorney fees, which are considered an element of costs (Code Civ. Proc., § 1033.5, subd. (a)(10); Civ. Code, § 1717, subd. (a)).  The statute authorizes the award of prejudgment interest only to "a person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day" (Civ. Code, § 3287, subd (a)), or to a "person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated" (*id.*, § 3287, subd. (b)).  "Thus, prejudgment interest awarded under Civil Code section 3287 is an element of compensatory damages, not a court cost."  (*Bodell Construction Co. v. Trustees of Cal. State University* (1998) 62 Cal.App.4th 1508, 1525; accord, *North Oakland Medical Clinic v. Rogers* (1998) 65 Cal.App.4th 824, 830 ["It is well established that prejudgment interest is not a cost, but

16

an element of damages."].)  Here, Janopaul was awarded no damages against Sundt and was therefore not entitled to prejudgment interest under Civil Code section 3287.

Second, even if prejudgment interest were recoverable on costs or attorney fees, we have concluded that Janopaul is entitled to recover neither costs nor fees from Sundt. It therefore follows that Janopaul is not entitled to a stand-alone award of prejudgment interest.  (Cf. *State Farm General Ins. Co. v. Mintarsih* (2009) 175 Cal.App.4th 274, 290 [reversing prejudgment interest award when underlying damages award was reversed]; *Metropolitan Water Dist. v. Imperial Irrigation Dist.* (2000) 80 Cal.App.4th 1403, 1436 [order granting fees and costs must be reversed when underlying judgment is reversed].)

## DISPOSITION

The order awarding Janopaul $901,085.27 on its motion for costs, attorney fees, and prejudgment interest and the judgment incorporating that order are reversed.

IRION, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McINTYRE, J.

17